

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00051-CR

_____

TREMAR ARTAE JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2014-2229-C2

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Pursuant to a plea agreement, Tremar Artae Jones pled guilty to possession of less than one gram of cocaine in a drug-free zone.[1] In accordance with the sentencing recommendations included in the plea agreement, on January 14, 2015, the trial court sentenced Jones to five years' incarceration, fined him $750.00, suspended the five-year sentence, and placed Jones on five years' community supervision. Subsequently, in October 2015, the State moved to revoke Jones' community supervision alleging that Jones had committed thirteen violations of the conditions of his community supervision. Jones pled not true to all thirteen violations alleged by the State, and following the presentation of evidence of Jones' violation of four of the thirteen conditions, the trial court sentenced Jones to five years' incarceration together with the original $750.00 fine. Jones appeals.[2]

Jones' appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App.

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010), § 481.134 (West Supp. 2015).

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal. Counsel sent copies of his brief and motion to withdraw to Jones, provided him with a copy of the appellate record, and advised Jones of his right to review the record and file a pro se response. We received neither a pro se response from Jones nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[3]


Ralph K. Burgess
Justice


Date Submitted:     June 24, 2016
Date Decided:       July 14, 2016

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.